CONNER, J.
Chuanwen Wang, an artist who sells his artwork on sidewalks, was told by City of Fort Lauderdale officials that he would be arrested for violating three city ordinances if he attempted to sell his artwork on sidewalks in an area including the Fort Lauderdale Beach. Selling artwork is speech protected by the First Amendment, and therefore, any time, place, manner restriction must leave open reasonable alternative channels of communication. On motion for summary judgment, Wang persuaded the trial court that the three city ordinances violate the First Amendment. However, we reverse because Wang failed to present any evidence that the ordinances prevented access to reasonable alternative channels of communication.
The City has enacted three ordinances which prohibit vending on sidewalks: sections 8-73, 23-94, and 23-95 of the City’s Unified Land Development Regulations (ULDR). The ordinances “are intended to eliminate nuisance activity on the beach and provide patrons with a pleasant environment in which to recreate.” ULDR § 7.5. The effect of all three ordinances is to prohibit “soliciting, begging, or panhandling” on the City’s beaches, including the *1062 one hundred and fifty feet of Atlantic Beach Boulevard or Seabreeze Boulevard.[1] The definition of “soliciting” includes art vending.
The trial court granted summary judgment with a detailed order. The order explained that the City ordinances at issue purport to prohibit vending within the “whole beach area, including streets between A1A and Seabreeze Boulevard” and the combined effect of the zoning sections at issue prohibit Wang selling his artwork on public streets, except for within zoning districts B-2, B-3, and B-3-C, which are remote from tourist areas. The court found: “The Zoning Map leaves no doubt that application of the ordinances does not ‘leave open ample alternative channels of communication.’ ”
When the trial court reaches a conclusion as a matter of law and enters summary judgment, an appellate court reviews the determination de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000).
There is no dispute that art vending is entitled to full First Amendment protections and the ordinances in question are content-neutral.
However, in a public forum, a governing entity may establish time, place, or manner restrictions upon an activity which is otherwise fully protected by the First Amendment if the restrictions “[1] are content-neutral, [2] are narrowly tailored to serve a significant government interest, and [3] leave open ample alternative channels of communication.” Smith v. City of Fort Lauderdale, Fla., 177 F.3d 954, 956 (11th Cir.1999) (citation omitted). The government holds the burden of demonstrating each prong of this test. State v. O’Daniels, 911 So.2d 247, 252 (Fla. 3d DCA 2005).
Nevertheless, because Wang asserts he is entitled to summary judgment declaring the ordinances violate the First Amendment, he is required to submit summary judgment evidence which establishes there is no dispute of material fact. Gomez v. Fradin, 41 So.3d 1068, 1071 (Fla. 4th DCA 2010) (“A movant for summary judgment has the initial burden of demonstrating the nonexistence of any genuine issue of material fact.” (citation omitted)).
Wang premised his summary judgment argument entirely on the submission of a zoning map and language in ordinances. He submitted no summary judgment evidence supporting the trial court’s decision “that application of the ordinances does not ‘leave open ample alternative channels of communication.’ ” The zoning map itself does not establish the lack of alternative channels of communication because the map does not demonstrate how much tourist activity is in any particular zoning district. Because Wang submitted no summary judgment evidence showing his intended audience could not be reached in the zoning areas where street vending is permitted, the order granting summary judgment must be reversed.

Reversed.

STEVENSON and GERBER, JJ., concur.

. Sections 8-73, 23-94, and 23-95 must be read in conjunction with section 7.5 of the ULDR.